"White, J.
Suit was brought by the plaintiff" in error to ■recover for injuries alleged to have been caused by the negligence of the defendant in the management of one of its -trains.
After the introduction of the plaintiff’s evidence, the defendant moved the court to arrest the testimony from the jury and nonsuit the plaintiff. The court being of opinion -that the testimony adduced was not sufficient in law to sustain the action, granted the motion, as the record states, “upon the merits of said action,” and rendered judgment that the defendant go hence without day and recover of the plaintiff its costs.
*86 The granting of the motion and the rendering of judg-j ment for the defendant are assigned for error.
The main question in the case is as to the effect of section 4 of the act to relieve the District Court, etc., passed April 12, 1858 (2 S. & C. 1155), upon section 372 of the-code of civil procedure.
Eor the plaintiff in error, it is claimed that section 4 of the act of 1858 confers no authority on the court of common pleas as to the mode of conducting the trial of a cause, in addition to what the court could exercise under the code;: while the counsel of the defendant in error contends that the effect of the section is to restore the common-law remedy of nonsuit, with all its incidents and consequences, as understood in this state prior to the adoption of the code.
Our conclusions are as follows :
1. That section 4 of the act of April 12, 1858, which gives the right to either party to except to the opinion of the court, on a motion to direct a nonsuit and to arrest the testimony from the jury, does not, by implication, repeal or modify the provision in section 372 of the code, which declares that, upon the trial of the action, in all cases except, such as are therein specified, the decision must be upon the merits.
2. That, under the act of April 12,1858, the court is au- ' thorized, in a proper case, to arrest the testimony from the jury, and render judgment for the defendant. The judgment in such case, however, has not the effect of a nonsuit at common law, but is, under the provisions of the code above referred to, a decision of the action upon the merits.
It is substantially the same as a judgment for the defendnant on a demurrer to the plaintiff’s evidence at common-law, or the submission of the case to the jury under instructions to return a verdict for the defendant, the same result being reached in either case.
3. If the evidence tends, in any degree, to prove all the facts which it is incumbent on the plaintiff' to establish in order to maintain his action, he has a right to have the weight and sufficiency of the evidence passed upon by the. *87 jury, and it is error for the court to grant the motion, and render judgment against him.
Without undertaking to set out the evidence, we deem it sufficient to say that the circumstances relied on to show negligence on the part of the defendant in operating the train, as well as the evidence tending to show fault in the plaintiff contributing to the injury, were such as to entitle him to have the facts found by the jury. In our opinion, the court erred in withdrawing the evidence from their consideration.
The judgment will therefore be reversed, and the cause remanded for a new trial.
Day,.C. J., MoIlvaine, Welch, and Stone, JJ., concurring.